## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| **JOHN PERRY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No.** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **EAGLE EXPRESS LINES, INC., and** | ) | **JURY DEMANDED** |
| **HIRERIGHT SOLUTIONS, INC.,** | ) | |
| *a corporation previously known as* | ) | |
| **USIS COMMERCIAL SERVICES,** | ) | |
| **INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

### COMPLAINT

#### Preliminary Statement

Plaintiff, John Perry, by counsel, brings this action for damages against Defendants, Eagle Express Lines, Inc., ("Eagle Express"), and HireRight Solutions, Inc. ("HireRight"), a corporation previously known as USIS Commercial Services, Inc. ("USIS"), for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681b(b)1, 1681i(a), and 1681s-2(b), and the common law of defamation. These claims arise from Eagle Express's malicious and USIS's willful and continuing false reporting that Perry was involved in a preventable accident while driving one of Eagle Express's semi-trucks, even after Perry submitted documentary evidence to USIS proving that the report was false.

#### Parties

1.      Plaintiff John Perry ("Perry") is a resident of the Northern District of Illinois.

2.   Defendant Eagle Express is a corporation headquartered in South Holland, Illinois and provides transportation services to a variety of customers.

3.   Until March 2009, USIS was a corporation headquartered in Tulsa, Oklahoma and was a consumer reporting agency as defined by 15 U.S.C. § 1681a.

4.   In March 2009, USIS changed its name to HireRight.

5.   Since at least 2004, Defendant HireRight (until March 2009, under the name "USIS") has been doing business in Illinois by providing Illinois employers with background check reports on prospective and current employees.

## Jurisdiction

6.   The Court has jurisdiction of this matter under 28 U.S.C. §§ 1331 and 1367.

7.   Venue is proper in the Northern District of Illinois because a substantial part of the events giving rise to the claim occurred in this district, including that USIS issued a consumer report about Perry in this judicial district and Eagle Express employed Perry in this judicial district.  28 U.S.C. § 1391(b).

## Factual Allegations

8.   From November 2005 to December 2007, Perry worked as a truck driver for Eagle Express.

9.   On December 12, 2007, Eagle Express issued a report to USIS stating that Perry was involved in several accidents while working as an Eagle Express driver.

10.  The December 2007 report that Eagle Express issued to USIS included the following information:

   a)   On November 28, 2005, Perry was involved in a non-preventable accident in Milwaukee, Wisconsin involving damaged equipment or property;

b)   On October 2, 2006, Perry was involved in a non-preventable accident in Bensenville, Illinois involving damaged equipment or property.

c)   On July 21, 2007, Perry was involved in a preventable accident in Grand Rapids, Michigan, in which Perry backed into and struck a stationary object.

d)   On December 2, 2007, in Milwaukee, Wisconsin, the load in Perry's vehicle shifted.

*See* Exhibit A (USIS Consumer Report Dated March 11, 2009).

11.   Eagle Express's report was false and inaccurate because Perry was not involved in accidents either in Bensenville, IL or Grand Rapids, MI.

12.   When Eagle Express first reported the information, it knew that Perry was not involved in the Grand Rapids accident, yet it maliciously and willfully reported this false information.

13.   In February 2008, the trucking company J.B. Hunt rejected Perry for employment as a truck driver due to the false information that Eagle Express reported to USIS. Perry then contacted USIS and requested a free copy of his consumer report. He received the report in March 2008.

14.   Also in March 2008, Perry mailed USIS a letter disputing the accuracy of his consumer report on the following bases: (a) that he was not involved in the Bensenville, IL and Grand Rapids, MI accidents and (b) that the two Milwaukee accidents involved shifting loads that he was not responsible for securing. Along with his letter, Perry included time sheets from Eagle Express showing that he was not in Grand Rapids, Michigan on July 21, 2007 and that he was not in Bensenville, Illinois on October 2, 2006.

15.   In response to Perry's dispute, USIS investigated the accuracy of the information

3

contained in his consumer report.

16. As part of its investigation, USIS informed Eagle Express that Perry disputed the information that Eagle Express provided about him to USIS.

17. In response, Eagle Express told USIS that the information was accurate, even though it had no reason to believe that Perry was involved in an accident in either Bensenville, Illinois or Grand Rapids, Michigan.

18. Despite the documentary evidence that Perry had provided to USIS showing that Eagle Express's information was inaccurate (and the lack of documentary evidence showing that the information was true), USIS continued to report the information as accurate.

19. As a result, USIS continued to report this information to other trucking companies with which Perry applied for employment.

20. On or about March 30, 2009, Perry wrote Eagle Express a letter asking the company to stop reporting to USIS the four accidents that he had disputed with USIS.

21. On or about April 2, 2009, Eagle Express wrote a letter to Perry's attorney stating that (1) it would remove the October 2, 2006 and November 28, 2005 incidents from Perry's USIS report and that (2) it would not remove the Grand Rapids incident, but rather would change the date of the accident from July 21, 2007 to July 30, 2007.

22. Thereafter, Eagle Express instructed USIS to remove the October 2, 2006 and November 28, 2005 incidents from Perry's consumer report and to change the date of the Grand Rapids accident from July 21, 2007 to July 30, 2007.

23. Eagle Express also instructed USIS to change the description of the Grand Rapids accident. Whereas the original description stated that Perry backed into and struck a

4

stationary object, the new description stated that he was involved in a preventable head on

collision involving a rollaway. *See* Exhibit B (USIS Consumer Report Dated April 14,

2009).

24. Eagle Express knew or reasonably should have known that its new description of the

Grand Rapids accident was completely false and only reported this defamatory

information to USIS in an effort to prevent Perry from finding gainful employment in the

trucking industry.

25. In late April 2009, after Perry's attorney threatened to sue Eagle Express for continuing to

report this defamatory material, Eagle Express instructed USIS to remove the Grand

Rapids accident from its report.

26. Between June 2007 and the present, USIS issued more than sixty consumer reports about

Perry for employment purposes. See Exhibit C (USIS File Disclosure Dated June 5,

2009)

27. Before issuing these consumer reports, USIS did not obtain, as required by 15 U.S.C. §

1681b(b)(1), certifications stating that the employers had disclosed to Perry that a

consumer report may be obtained for employment purposes.

## COUNT ONE
### Unreasonable Investigation – 15 U.S.C. § 1681s-2(b)
### (Against Eagle Express)

28. Plaintiff realleges and incorporates the allegations of paragraphs 1 through 27.

29. Perry is a "consumer," as defined by the Fair Credit Reporting Act ("FCRA"), 15 U.S.C.

§ 1681a(c).

30. HireRight (formerly USIS) is a "consumer reporting agency," as defined by the FCRA, 15

U.S.C. § 1681a(f).

31.     Eagle Express willfully or negligently failed to conduct a reasonable investigation of

Perry's dispute after USIS notified Eagle Express of Perry's dispute pursuant to 15 U.S.C.

§ 1681i(a)(2).

32.     Because of Eagle Express's willful or negligent violations of 15 U.S.C. § 1681s-2(b),

Perry lost out on employment opportunities and suffered humiliation, embarrassment,

mental anguish, emotional distress, and lost wages. *See* 15 U.S.C. § 1681n & o.

33.     Eagle Express's conduct was willful, rendering Eagle Express liable for actual damages

and punitive damages in the amount to be determined by the Court pursuant to 15 U.S.C.

§ 1681n.  Alternatively, Eagle Express's conduct was negligent, rendering Eagle Express

liable for actual damages pursuant to 15 U.S.C. § 1681o.

34.     Perry is entitled to recover costs and attorney's fees from Eagle Express pursuant to 15

U.S.C. § 1681n & o.

**WHEREFORE,** Plaintiff John Perry prays that this Court enter judgment in his favor and

against Defendant Eagle Express and award him:

A.     Compensatory damages for his lost wages and emotional distress;

B.     Punitive damages to deter such willful conduct in the future;

C.     His court costs and attorneys' fees;

D.     Any other relief this Court deems just.

## COUNT TWO
### Defamation
### (Against Eagle Express)

35.     Plaintiff realleges and incorporates the allegations of paragraphs 1 through 34.

6

36. Eagle Express willfully and maliciously reported to USIS that Perry was involved in a preventable accident in Grand Rapids, Michigan, knowing that its report was false.

37. Eagle Express reported this information to USIS, even after being notified by both USIS and Perry himself that Perry disputed the truth of the information. Eagle Express also reported the information even though it possessed no record of Perry being involved in an accident in Grand Rapids, Michigan.

**WHEREFORE,** Plaintiff John Perry prays that this Court enter judgment in his favor and against Defendant Eagle Express and award him:

A. Compensatory damages for his lost wages and emotional distress;

B. Punitive damages to deter such willful conduct in the future;

C. His court costs and attorneys' fees;

D. Any other relief this Court deems just.

## COUNT THREE
### Failure to Conduct Reasonable Reinvestigation – 15 U.S.C. § 1681i(a)
### (Against HireRight)

38. Plaintiff realleges and incorporates the allegations of paragraphs 1 through 37.

39. USIS continued to report information that it received from Eagle Express about Perry without conducting a reasonable investigation of Perry's dispute.

40. Because of USIS's willful or negligent violations of 15 U.S.C. § 1681i(a), Perry lost out on employment opportunities, thus suffering humiliation, embarrassment, mental anguish, emotional distress, and lost wages. *See* 15 U.S.C. § 1681n & o.

41. USIS's conduct was willful, rendering HireRight liable for actual damages and punitive

damages in the amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

Alternatively, USIS's conduct was negligent, rendering HireRight liable for actual

damages pursuant to 15 U.S.C. § 1681o.

42. Perry is entitled to recover costs and attorney's fees from HireRight pursuant to 15 U.S.C.

§ 1681n & o.

**WHEREFORE,** Plaintiff John Perry prays that this Court enter judgment in his favor and

against Defendant HireRight and award him:

A.   Compensatory damages for his lost wages and emotional distress;

B.   Punitive damages to deter such willful conduct in the future;

C.   His court costs and attorneys' fees;

D.   Any other relief this Court deems just.

**COUNT FOUR**
**Issuing Consumer Reports For Employment Purposes**
**Without Receiving Proper Certifications -- 15 U.S.C. § 1681b(b)(1)**
**(Against HireRight)**

43. Plaintiff realleges and incorporates the allegations in paragraphs 1 through 42.

44. USIS issued more than sixty consumer reports for employment purposes about Perry.

45. USIS issued each of these reports without first obtaining the certifications required by 15

U.S.C § 1681b(b)(1).

46. Because of USIS's willful or negligent violations of 15 U.S.C. § 1681b(b)(1), Perry lost

out on employment opportunities and suffered humiliation, embarrassment, mental

anguish, emotional distress, and lost wages. *See* 15 U.S.C. § 1681n & o.

47. USIS's conduct was willful, rendering HireRight liable for actual damages and punitive

8

damages in the amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

Alternatively, USIS's conduct was negligent, rendering HireRight liable for actual

damages pursuant to 15 U.S.C. § 1681o.

48.     Perry is entitled to recover costs and attorney's fees from HireRight pursuant to 15 U.S.C.

§ 1681n & o.

**WHEREFORE,** Plaintiff John Perry prays that this Court enter judgment in his favor and

against Defendant HireRight and award him:

A.      Compensatory damages for his lost wages and emotional distress;

B.      Punitive damages to deter such willful conduct in the future;

C.      His court costs and the attorneys' fees;

D.      Any other relief this Court deems just.

## JURY DEMAND

49.     Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Perry demands a trial by

jury of all issues so triable in this matter.


                                        _____s/ Christopher Wilmes_____
                                        One of the Plaintiff's Attorneys

Matthew Piers
Christopher Wilmes
Hughes Socol Piers Resnick & Dym
70 W. Madison St. Suite 4000
Chicago, IL 60603
(312) 580-0100
Attorney No. 6287688

Marie Claire Tran
Sargent Shriver National Center on Poverty Law
50 E. Washington St., Suite 500
Chicago, IL 60602
(312) 263-3830
Attorney No. 6293967